IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-116 |
| | ) | |
| BRIAN BARTELS | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said district, submitting as follows:

There is no guideline expressly promulgated for offenses under 18 U.S.C. § 231(a)3). Therefore, pursuant to §2X5.1 of the Guidelines, the Court must apply "the most analogous offense guideline." In determining the most analogous offense guideline, the United States Court of Appeals for the Third Circuit has applied an elements-based approach. *See United States v. Jackson*, 862 F.3d 365, 373-76 (3d Cir. 2017).

The first step in the inquiry is to determine whether there is a "sufficiently" analogous guideline. *Id.* at 373 (citations omitted). If the Court determines that there is not a sufficiently analogous guideline, then the sentence must be imposed pursuant to 18 U.S.C. § 3553(b). If there is one or more sufficiently analogous guidelines, then the Court must determine which of them is the "most" analogous guideline, by applying the "elements based approach." See *Jackson* at 374-76 (citing *United States v. Cothran*, 286 F.3d 173 (3d Cir. 2002) and *United States v. Osborne*, 164 F.3d 434 (8th Cir. 1999)).

The elements-based approach calls for a comparison of the elements of the defendant's offense of conviction with the elements of federal offenses covered by a specific offense guideline.

*Jackson* at 375 (citations omitted).  The sentencing court merely has to determine which analogous provisions were within the "ballpark"; it then has to ask which represents the best fit.  *Jackson* at 376 (citing *United States v. Rakas*, 510 F.3d 1280, 1287 (10th Cir. 2007)). "Even though we must look to the respective elements, we stress that this inquiry must be conducted in a flexible and open-ended fashion" *Jackson* at 375. "[A] perfect match of elements is not necessary (or even expected). Instead, the proffered guideline need only be within the same proverbial "ballpark" as the offense of conviction." *Jackson* at 376.

In the case at bar, the government's position is that there are two sufficiently analogous guidelines. Those guidelines are §2A2.4 and §2J1.2. The most analogous guideline, however, is §2J1.2.

The elements of the offense for a violation of 18 U.S.C. § 231(a)(3) are as follows:

1. That a "civil disorder," as that term is defined by 18 U.S.C. § 232(1), existed at the time the defendant acted, or attempted to act.

2. That the civil disorder resulted in the obstruction or delay of "commerce," as that term is defined in 18 U.S.C. § 232(2), or adversely affected "commerce."

3. That the defendant committed an act, or attempted to commit an act for the intended purpose of obstructing, impeding or interfering, either by himself or with someone else, in a violent manner with a law enforcement officer or officers.

4. That the officer or officers were lawfully engaged in the performance of their official duties incident to and during the commission of the civil disorder.

5. That the defendant acted willfully.

18 U.S.C. §§ 231(a)(3), 232(1) and 232(2); see also, United States v. Casper, 541 F.2d 1275, 1276 (8th Cir. 1976).

Obviously, there are numerous ways in which a person can violently obstruct, impede or interfere with a law enforcement officer while that officer is performing his/her duties. In the

instant case, the defendant's offense conduct was intended to promote civil disorder by spray painting a red letter "A" on the unoccupied police vehicle, in the presence of an agitated crowd, and then smashing parts of the vehicle in order to make it unusable by the officers who were trying to prevent civil disorder. This defendant did not directly assault or confront any officer. In short, this was an obstruction of law enforcement officers by an attack directed toward their vehicle, not toward the officers themselves.

This defendant's conduct, as well as his motive for engaging in this conduct, has more in common with the obstruction of justice offenses covered by §2J1.2 than it does with the offenses covered by §2A2.4, which relate more to physical assaults on officers. However, when the elements-based approach is used, the above-referenced elements for an offense under §231(a)(3) are more similar to the elements of the offenses covered by §2A2.4.  See 18 U.S.C. Sections 111, 1501 and 1502 (relating to assaults and obstruction of certain law enforcement officers).  Therefore, the most analogous guideline, within the meaning of §2X5.1 of the Guidelines, is §2A2.4.

At the time of sentencing, the government intends to argue that 2A2.4's base offense level of 10, however, does not reflect the seriousness of the offense in that the defendant's conduct sparked the crowd to engage in much more destructive behavior thereafter, including the complete destruction of two police vehicles.

    Respectfully submitted,

    SCOTT W. BRADY
    United States Attorney

    */s/ Shaun E. Sweeney*
    SHAUN E. SWEENEY
    Assistant United States Attorney
    PA ID No. 53568