IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    Plaintiff,

  v.                                             Criminal No. 20-116
                                                 ELECTRONICALLY FILED

BRIAN BARTELS,

    Defendant.

**TENTATIVE FINDINGS AND RULINGS REGARDING DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS (Doc. 47, Doc. 48) AND THE GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS (Doc. 50)**

AND NOW, this 19th day of January, 2020, in accordance with Federal Rule of Criminal Procedure 32(i) and Local Criminal Rule of Court 32.1(C)(7), the Court makes the following tentative findings and rulings with respect to Defendant's Position with Respect to Sentencing Factors, (Doc. 47, Doc. 48), and the Government's Position with Respect to Sentencing Factors (Doc. 50).

    **I.    Background**

On June 5, 2020, a criminal Complaint was filed against Defendant. (Doc. 3). Thereafter, on June 9, 2020, Defendant was charged by Indictment with Obstruction of Law Enforcement During a Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) and (2). (Doc. 14). On June 16, 2020, Defendant entered a plea of not guilty to the charges in the Indictment. (Doc. 18). On September 22, 2020, Defendant pleaded guilty to violating 18 U.S.C. § 231(a)(3) ("Section 231(a)(3)"). (Doc. 38) Defendant is scheduled to be sentenced in this matter on January 26, 2021. (Doc. 40).

On December 21, 2020, the Probation Office filed its final Presentence Investigation Report ("PSIR").  (Doc. 45).  At paragraph 17 of the PSIR, the Probation Office concluded that United States Sentencing Guideline ("USSG") §2J1.2 (Obstruction of Justice) ("Section 2J1.2") is the appropriate Guideline to be applied to determine what is Defendant's offense level for his violation of  Section 231(a)(3), and applying Section 2J1.2, Defendant's base offense level is 14.  (*Id*. at ¶ 17).

On January 11, 2021, Defendant filed his "Sentencing Memorandum and Position with Respect to Sentencing Factors" and his Position with Respect to Sentencing Factors.  (Doc. 47, Doc. 48).  In these filings, Defendant objects to the Probation Office's conclusions in paragraph 17 of the PSIR that Section 2J1.2 is the appropriate Guideline to be applied to determine what is Defendant's offense level for his violation of  Section 231(a)(3), and that applying Section 2J1.2, Defendant's base offense level is 14.

On January 12, 2021, the Probation Office filed an Addendum to the PSIR, reiterating its position that Section 2J1.2 should be applied to determine Defendant's offense level, explaining that Section 2J1.2 is the most analogous Guideline to Section 321(a)(3).  (Doc. 49).  The Probation Office further provided the Court with the changes that would need to be made to the PSIR if the Court determines that USSG §2A2.4 (Obstructing or Impeding Officers) ("Section 2A2.4") is more analogous than Section 2J1.2, including that Defendant's base offense level would be a 10, and that his total offense level would be an 8.  (*Id.*).

On January 12, 2021, the Government filed its Position with Respect to Sentencing Factors and its Sentencing Memorandum.  (Doc. 50, Doc. 51).  In these documents, the Government also objects to the Probation Office's conclusion in

paragraph 17 of the PSIR that the Guideline to be applied to Defendant for his Section 231(a)(3) conviction is Section 2J1.2. (*Id.*).

## II. Discussion

It is undisputed that no sentencing guideline expressly applies to a violation of Section 231(a)(3). In *United States v. Jackson*, 862 F.3d 365 (3d Cir. 2017), the United States Court of Appeals for the Third Circuit explained:

> It is [USSG] § 2X5.1 that then requires the sentencing court to consider, whenever the offense of conviction is a felony for which no offense guideline has been promulgated, whether there are any "sufficiently analogous" offense guidelines, and, if so, apply the guideline that is "most analogous" to the crime of conviction. No fact-finding is required to select the offense guideline because we have determined that the "sufficiently analogous" guideline inquiry merely implicates a comparison of legal elements—a question of law reviewed under a plenary standard of review. In turn, "by definition, analogous guidelines do not and need not perfectly match the defendant's crime." *Allard*, 164 F.3d at 1149 (citing *Terry*, 86 F.3d at 358); *see also, e.g., Rakes*, 510 F.3d at 1287 (noting that court first had to ask what provisions were within ballpark); *Langley*, 919 F.2d at 931 (observing that analogy implies difference).

*Jackson*, 862 F.3d at 385.

In support of his objection to the PSIR, Defendant asserts that upon application of USSG §2X5.1 to Section 231(a)(3): (1) both Section 2A2.4 and USSG § 2B1.1 (Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States) ("Section 2B1.1") are sufficiently analogous to Section 231(a)(3); (2) Section 2J1.2 is not sufficiently analogous to Section 231(a)(3); (3) the most analogous section to Section 231(a)(3) is Section 2A2.4; and (4) because both Section 2A2.4 and Section 2B1.1 are

3

sufficiently analogous to Section 231(a)(3), the Court should apply one of those provisions in determining Defendant's sentence.  (Doc. 47 at 2-5, Doc. 48 at 1).

In support of its objection to the PSIR, the Government contends that utilizing the elements-based approach set forth by the Court of Appeals for the Third Circuit in *Jackson*, *supra*.: (1) both Section 2A2.4 and Section 2J1.2 are sufficiently analogous to Section 231(a)(3); and (2) the most analogous section to Section 231(a)(3) is Section 2A2.4.  (Doc. 50 at 1).

As set forth in the Indictment Memorandum filed by the Government in this case, the elements of the crime of Obstruction of Law Enforcement During Civil Disorder, in violation of Section 231(a)(3), are:

> 1. That a "civil disorder," as that term is defined by 18 U.S.C. § 232(1), existed at the time the defendant acted, or attempted to act.
> 2. That the civil disorder resulted in the obstruction or delay of "commerce," as that term is defined in 18 U.S.C. § 232(2), or adversely affected "commerce."
> 3. That the defendant committed an act, or attempted to commit an act for the intended purpose of obstructing, impeding or interfering, either by himself or with someone else, in a violent manner with a law enforcement officer or officers.
> 4. That the officer or officers were lawfully engaged in the performance of their official duties incident to and during the commission of the civil disorder.
> 5. That the defendant acted willfully.

(Doc. 14 at 1-2) (citing 18 U.S.C. §§ 231(a)(3), 232(1) and 232(2); *United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976)).

Having reviewed the elements of those offenses which are covered by Section 2A2.4, Section 2B1.1, and Section 2J1.2, and compared the elements of those offenses with the above-stated elements of Section 231(a)(3), as required by *Jackson*, *supra*., the Court finds as follows.  First, Section 2A2.4 and Section 2J1.2 are sufficiently analogous

to Section 231(a)(3). Second, Section 2B1.1 is not sufficiently analogous to Section 231(a)(3). Third, as argued by both parties, the most analogous Guideline Section to Section 231(a)(3) is Section 2A2.4. *See* 18 U.S.C. §§ 111, 1501, 1502, and 3056. Fourth, Defendant's offense level, thus, must be calculated utilizing Section 2A2.4, and the parties' objections to paragraph 17 of the PSIR, wherein the Probation Office calculated Defendant's offense level utilizing Section 2J1.2, be sustained.

Additionally, having concluded that Defendant's offense level should be calculated utilizing Section 2A2.4, the Court further finds, as set forth in the Probation Office's Addendum [Doc. 49]: (1) Defendant's base offense level is 10; (2) Defendant's total offense level is 8; (3) based upon a total offense level of 8 and a criminal history category of I, Defendant's guideline imprisonment range is 0 months to 6 months; (4) the applicable guideline range is in Zone A of the Sentencing Table, and thus, a sentence of imprisonment is not required under the Guidelines, and Defendant is eligible for at least one year, but not more than five years', probation; (5) the applicable supervised release guideline range is 1 to 3 years; and (6) the applicable fine range is from $2,000 to $20,000.

### III.  Conclusion

The Court having addressed the objections of Defendant and the Government to the Presentence Investigation Report, the sentencing hearing in this matter will proceed on January 27, 2021, in accordance with the foregoing tentative findings and rulings.

Further, the Court will consider argument as to an appropriate sentence in light of any relevant 18 U.S.C. § 3553(a) factors presented to the Court.

SO ORDERED.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record